AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

**SEALED** 1/29/16 *PJL*
**UNSEALED**

United States District Court
Southern District of Texas
FILED
JAN 27 2016
Clerk of Court

| United States of America | ) |
|---|---|
| v. | ) |
| Julio TRUJILLO | ) Case No. M-16-0147-M |
| | ) |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __01/25/2015__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant violated __Title 18__ U.S.C. § __201(b)(2) and 1030(a)(2)__, an offense described as follows:

Whoever being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts or agrees to receive or accept anything of value personally or for any other person or entity, in return for being influenced in the performance of any official act; being influenced to commit or aid in the committing, or to collude in, or allow, any fraud or make opportunity for the commission of any fraud, on the United States; or being induced to do or omit to do any act in violation of the official duty of such official or person.

Whoever intentionally accesses a computer without authorization or exceeds authorized access and thereby obtains information from any department or agency of the United States or information from a protected computer.

This criminal complaint is based on these facts:

SEE ATTACHMENT A

☑ Continued on the attached sheet.

Approved by
[signature]

*Complainant's signature*
Liza M. Sotelo, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/27/2016

City and state: McAllen, TX

[signature]
*Judge's signature*
~~Peter Ormsby~~, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 02/09) Criminal Complaint

# ATTACHMENT A

1. I, Liza M. Sotelo, hereinafter referred to as the Complainant, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), and assigned to investigate violations of Federal Criminal Law, including violations of Title 18 United States Code Sections 201 and 1030.

2. The information contained herein is based upon interviews conducted by the Complainant and activity conducted by an FBI documented confidential source (CS). The facts contained within this affidavit do not contain all facts learned of and gathered during the course of this investigation.

3. At all times pertinent to this affidavit and investigation, Julio Trujillo, was a public official as defined by Title 18 United States Code Section 201(a)(1) in that he was a United States Customs and Border Protection officer.

4. On January 25, 2016 at approximately 12:20 p.m., Julio TRUJILLO met with the CS in the parking lot of a restaurant in Mission, Texas. During the meeting, which was consensually video and audio recorded, TRUJILLO accepted a bribe in the form of a monetary payment of $3,600 in exchange for extending the visa of an individual, herein referred to as Person A, and assisting a second individual, herein referred to as Person B, in obtaining a visa. As a Customs and Border Patrol officer, TRUJILLO has the ability to extend an individual's visa. During the meeting, TRUJILLO provided the CS with instructions to provide to Person A in order to have his/her visa extended at the Hidalgo, Texas Port of Entry on the morning of Friday, January 29, 2016. TRUJILLO stated that he would be working at the Port of Entry on that date and could extend or cause the visa to be extended at such time. A review of TRUJILLO's work schedule confirms that TRUJILLO is scheduled to work from 6:00 a.m. to 2:00 p.m. on Friday, January 29, 2016 at the Hidalgo, Texas Port of Entry.

6. After leaving the meeting with the CS on January 25, 2016, TRUJILLO reported to work at the Hidalgo, Texas Port of Entry. While at work, TRUJILLO has access to protected computers that are exclusively for the use of the United States government. These computers can perform various records queries on individuals and thereby allow the user to access and obtain information provided by various United States departments or agencies, including the Department of Homeland Security. Prior to performing such record queries, a user, such as TRUJILLO, is provided with an on screen warning stating that the queries are to be conducted for official government use only and that unauthorized use could result in criminal penalties. As a Customs and Border Protection officer, TRUJILLO is an authorized user of these protected computers, which in the vast majority of instances are used by Customs and Border Protection officers to screen individuals entering or leaving the United States. Despite being provided with said warning, TRUJILLO exceeded his authorized access performed a records query on Person B on January 25, 2016 at approximately 5:07 p.m. and obtained information pertaining to Person B from the Department of Homeland Security, Department of State, and Federal Bureau of Investigation records. A review of crossing history records confirms that Person B was not crossing into or from the United States on January 25, 2016 and had not entered the United States within the last 18 months.

AO 91 (Rev. 2/09) Criminal Complaint

## ATTACHMENT A



Liza M. Sotelo, FBI Special Agent

Sworn to before me and subscribed in my presence,

Peter Ormsby, U.S. Magistrate Judge

January 27, 2016